*Law Office of*
*Francisco E. Celedonio, Esq.*
*401 Broadway, 25th Fl.*
*New York, New York 10013*

*(212) 219-7533*                                                                                              *Fax (212) 219-4094*

June 9, 2008

*VIA ECF AND FACSIMILE*
Honorable Robert P. Patterson
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Juan Diaz,*
08 Cr. 190 (RPP)

Dear Judge Patterson:

      This sentencing memorandum is submitted in support of Mr. Jose Diaz, who is scheduled to be sentenced by Your Honor on June 11, 2008.

**I    INTRODUCTION**

      As the Court is aware, on March 6, 2008 Mr. Jose Diaz pled guilty before this Court pursuant to a plea agreement which contained the following calculation under the United States Sentencing Guidelines ("Guidelines): (i) a base offense level of 34; (ii) a two-level upward adjustment due to the possession of weapons by the defendant or others in the course of the offense; (iii) a 3-level downward adjustment for acceptance of responsibility and timely disposition, arriving at an adjusted offense level of 33; and (iii) in Criminal History Category I, a stipulated advisory Guidelines sentencing range of 135-168 month's incarceration.  Because Mr. Diaz pled to an offense under 21 U.S.C. 841(b)(1)(A), his sentence is subject to a statutory 10-year

*Hon. Robert P. Patterson, U.S.D.J.*
*United States v. Jose Diaz*
*June 9, 2008*

mandatory minimum.

The United States Department of Probation for the Southern district of New York has submitted a Pre-Sentence Investigation Report ("PSI") with a Guidelines analysis which mirrors that embodied in the plea agreement. The addendum to the PSI recommends a sentence of 135 months.

## II    THE CHARGED OFFENSE

In light of the plea agreement, the plea allocution before this Court, as well as the facts presented in the PSI, we will respectfully assume the Court's familiarity with the relevant underlying facts.

## III    JOSE DIAZ'S PERSONAL AND FAMILY HISTORY

Jose Diaz is a 37-year old native of the Dominican Republic who has been a legal permanent resident of the United States since January 1994. Perhaps most notable of Mr. Diaz's family history and the circumstances of his childhood that have shaped his life is that he began working at age 5 or 6, "shining shoes and selling candy and peanuts." *See* PSR at ¶ 47. At age 11 Mr. Diaz left school in order to work at a shoe factory. *Id*. Thus, Mr. Diaz has had no significant educational opportunities – relegated to working as a laborer from an early age.

### A.    *Family and Community Ties*

As documented in the PSR, *see* ¶ 49-49, Jose Diaz has three children, ranging in age from seven to twelve years of age, from a relationship with Mildred De Leon. Although Ms. De Leon and the three children live in North Carolina, Mr. Diaz maintains a relationship with them. Additionally, Mr. Diaz is father to an infant child, Wilber, who lives in the Dominican Republic. *See* PSI at ¶ 51-52.

*Hon. Robert P. Patterson,U.S.D.J.*
*United States v. Jose Diaz*
*June 9, 2008*

      B.    *Educational History*

As previously noted Jose Diaz left school at age eleven (11) in order to work in a shoe factory in the Dominican Republic. *See* PSI at ¶ 47. Thereafter, he has had no opportunity to further his education.

      C.    *Employment History*

Although sporadic, it is undeniable that Jose Diaz has a history of employment, *see* PSI at ¶ 47, 63-64, beginning in the Dominican Republic, and in the United States, mostly as a laborer. Given the paucity of any educational opportunities, and the persistent history of drug abuse, it is not surprising that Mr. Diaz's employment history is erratic.

      D.    *Substance Abuse History*

Jose Diaz has a substantial history of drug abuse, including marijuana and cocaine abuse since age 13. *See* PSI at ¶ 59. Despite this history, however, Mr. Diaz has never received any substance abuse counseling.

      E.    *Prior Criminal History*

Jose Diaz's only prior entanglements with the criminal justice system is a 2005 arret for driving while impaired. *See* PSI at ¶ 37-41.

**IV    APPLICABLE LEGAL PRINCIPLES**

      A.    *The Sentencing Reform Act in Light of Booker/Fanfan*

As we trust the Court's knowledge and understanding of its sentencing authority we will not attempt to provide an exegesis of federal sentencing law in the wake of the Supreme Court's decision in *Booker/Fanfan*, or the Second Circuit's decision in *United States v. Crosby*,

*Hon. Robert P. Patterson,U.S.D.J.*
*United States v. Jose Diaz*
*June 9, 2008*

307 F.3d 103 (2d Cir. 2005). Nevertheless, we think it important to attempt to provide the Court some guidance from the defense perspective.

*Sentencing Factors Under 18 U.S.C. § 3553*

Of course, 18 U.S.C. § 3553 provides the statutory authority and framework for sentencing in federal court. *See* Sentencing Reform Act of 1984, Pub. L. No. 98-473, §§ 211, 98 Stat. 71987, 1989-90 (1984). In enacting the Sentencing Reform Act Congress expressly stated that courts "shall impose a sentence sufficient, but not greater than necessary," to comply with the purposes of criminal sanctions. 18 U.S.C. §§ 3553(a). The Sentencing Reform Act explicitly delineates the purposes of criminal sanctions. Section 3551(a) provides that every defendant "shall be sentenced . . . so as to **achieve the purposes** set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable **in light of all the circumstances of the case**." (emphasis added).

*Sufficient But Not Greater Than Necessary*

As noted earlier, 18 U.S.C. § 3553(a) expressly provides for a sentence "not greater than necessary" to achieve the purposes of sentencing. *United States v. Johnson*, 964 F.2d 124, 125 (2d Cir. 1992)("the United States Sentencing Guidelines do not require a judge to leave compassion and common sense at the door to the courtroom") *cited in United States v. Blarek II*, 7 F. Supp.2d at 210. This statutory mandate takes on new meaning in light of *Booker/Fanfan* for the obvious reason that judges are now permitted to weigh factors previously prohibited in achieving a just sentence. Perhaps more than any other factor in the statutory scheme of the Sentencing Reform Act, the goal of imposing a sentence "not greater than necessary" is synonymous with doing justice.

Hon. Robert P. Patterson, U.S.D.J.
*United States v. Jose Diaz*
June 9, 2008

      B.    *§ 3553(a)(1): Offender Characteristics*

As already noted herein, Jose Diaz's life has been marred by a paucity of educational opportunities and persistent, long-term drug abuse. We respectfully submit that it is impossible to overstate the significance of these factors. Notwithstanding these challenges, however, Mr. Diaz had made strides in gaining lawful employment while residing in the United States.

      C.    *§ 3553(a)(2): The Purposes of Sentencing*

Subparagraphs (A) through (D) of 18 U.S.C. § 3553(a)(2) instruct courts to consider the necessity of the sentence imposed: (i) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (ii) to afford adequate deterrence to criminal conduct; (iii) to protect the public from further crimes of the defendant; and (iv) to provide the defendant with needed educational or vocational training, medical care, or other, correctional treatment in the most effective manner. 18 U.S.C. §§ 3553(a)(2)(A)-(D). *See, generally, United States v. Blareck II*, 7 F.Supp.2d 192 (E.D.N.Y. 1998). We respectfully submit that the purposes of sentencing as outlined in § 3553(A)(2)(A)-(D) would certainly be accomplished by the mandatory 10-year minimum sentence under § 841(b)(1)(A) and the sentence recommended by Probation. Probation has recommended a sentence of 135 months – a substantial sentence under any standard. Moreover, there is a paucity of factors that would require a sentence beyond 135 months.

We further note that Mr. Diaz is not a citizen of the United States and, therefore, as a result of the instant conviction, he will assuredly be deported upon completion of his sentence. Thus, the need to protect the public from future recidivism is *de minimus*.

*Hon. Robert P. Patterson, U.S.D.J.*
*United States v. Jose Diaz*
*June 9, 2008*

*§ 3553(a)(2)(A): The seriousness of the offense,*
*Respect for the Law, and Just Punishment*

The concepts embodied in § 3553(a)(2)(A) are interrelated and necessarily vary from case to case, depending on the nature of the offense, the underlying facts, and the defendant. There can be no more difficult task than the assessment of what constitutes a "just" sentence in any given case. We respectfully submit that this sentencing goal would be met by the substantial sentence of incarceration recommended by Probation.

*§ 3553(a)(2)(B) and 3553(a)(2)(C): General and Specific Deterrence*

Section 3553(a)(2)(B) instructs this Court to consider "the need for the sentence imposed" to afford "adequate deterrence to criminal conduct." Deterrence, however, must be seen in light of the mandate of § 3553(a) that a sentence not be "greater than necessary." The concept of general deterrence, like the concept of a "just sentence," is necessarily not subject to precise definition.

*§ 3553(a)(2)(D): Provision of Educational*
*or Vocational Training*

Section 3553(a)(2)(D) requires this Court to consider the need to provide the defendant educational or vocational training, medical care, or other correctional treatment in the "most effective manner." Thus, rehabilitation and the improvement of the defendant are express goals of sentencing. *See Harmelin v. Michigan,* 501 U.S. 957, 999 (1991); and *United States v. Giraldo*, 822 F.2d 205, 210 (2d Cir.), *cert. denied*, 484 U.S. 969 (1987). Rehabilitation is designed to instill "in the offender proper values and attitudes, by bolstering respect for himself and institutions, and by providing [] the means of leading a productive life." *See* Charles E. Torcia, 1 *Wharton's Criminal Law,* § 18 (15th ed. 1993).

*Hon. Robert P. Patterson, U.S.D.J.*
*United States v. Jose Diaz*
*June 9, 2008*

In the context of the history and characteristics of Jose Diaz, the provision of drug treatment and rehabilitation is the single most important goal to be furthered by incarceration.

D.     *§ 3553(a)(3): The Kinds of Sentences Available*

A sentence at the bottom of the Guidelines range – as advocated by Probation – is fully available to this Court – indeed, such a sentence is well-above the mandatory 10-year sentence required by statute.

E.     *§ 3553(a)(4) & § 3553(a)(5): The Advisory Guidelines*

Although the Guidelines are now advisory, we recognize the Court's obligation to consult and address the applicable Guidelines sentence. Under the Guidelines the Court has broad discretion in forging an appropriate sentence.

F.     *§ 3553(a)(6): Avoiding Sentencing Disparity*
       *Among Similarly Situated Defendants*

We are confident that the Court's sentence will avoid any sentencing disparities with similarly situated defendants.

*Hon. Robert P. Patterson, U.S.D.J.*
*United States v. Jose Diaz*
*June 9, 2008*

## V    SENTENCING RECOMMENDATION

In light of the facts and circumstances discussed herein, we request the Court sentence Jose Diaz with vision and proportionality.

We thank the Court for its consideration of the issues presented herein.

*Respectfully Submitted,*


Francisco E. Celedonio, Esq.


cc: AUSA William Harrington