UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE DIAZ,

                                Petitioner,                08 Cr. 190 (RPP)
        - against -                        09 Civ. 5833 (RPP)

                                                **OPINION AND ORDER**
UNITED STATES OF AMERICA,

                              Respondent.
-----------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      Petitioner Jose Diaz ("Diaz" or the "Petitioner") moved on June 4, 2009 to vacate the sentence imposed by this Court on June 11, 2008 based on Diaz's plea of guilty to a one count information charging Diaz with conspiracy to distribute five kilograms and more of cocaine in violation of Title 21 United States Code Section 846 (the "Petition"). For the reasons discussed herein, Diaz's motion is denied.

**I.  Background**

      The charge to which Petitioner pled guilty was based on Petitioner's participation in a gang that committed close to one hundred robberies and kidnappings, mostly of drug dealers between 2002 and June 2006.  (Presentence Report ("PSR") ¶ 14.)  In these robberies, Petitioner and others obtained narcotics proceeds and narcotics which they subsequently resold.  (PSR ¶¶ 14-17, 20, 22.)  Firearms were frequently possessed in furtherance of these robberies.  (PSR ¶ 22.)

      Prior to entering his guilty plea, Petitioner and his counsel entered into a plea agreement with the government dated January 29, 2008 (the "Plea Agreement").  In the Plea Agreement, the parties stipulated that the Petitioner was subject to a 10 year

mandatory minimum sentence and that his total offense level was 33 and Criminal History Category was I.  (Plea Agreement at 1, 2.)  More specifically, the parties agreed to a total offense level of 34 because the conspiracy charged involved at least 15 but not more than 50 kilograms of cocaine and that a two level enhancement was warranted because "a firearm was possessed by the defendant and others in connection with the offense" and that a three level reduction was warranted because of Mr. Diaz's acceptance of responsibility.  (Id. at 2.)  Petitioner further agreed that "neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted" and that "neither party will seek such a departure or seek any adjustment not set forth herein." (Id.)

The parties also agreed that "defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guideline Range set forth above (135 to 168 months' incarceration) . . . ."  (Id. at 3.)

Petitioner pled guilty on March 6, 2008.  During the plea allocution, Petitioner confirmed his understanding that in the Plea Agreement, he "agreed not to file a direct appeal or to litigate post-judgment any sentence that is within the stipulated guideline range of 135 months to 168 months of incarceration."  (Transcript of March 6, 2008 Plea Hearing ("Plea. Tr.") at 13.)[1]

At sentencing, the Court sentenced the Petitioner to 135 months, the bottom of the Stipulated Guidelines Range.

---

[1]     Petitioner admitted that in 2006 he went with some friends, expecting to steal "something like 50 kilos or 40 kilos" of cocaine, which they intended to sell.  (Plea Tr. at 19, 20.)

Petitioner argues that his attorney was ineffective because he failed to:

a) argue for relief from the mandatory minimum sentence of 10 years and an adjustment to his guideline level pursuant to U.S.S.G. § 5C1.2;

b) argue against the firearm enhancement pursuant to U.S.S.G. § 2D1.1(b)(1);

c) argue for a downward adjustment for minimal or minor role in the offense pursuant to U.S.S.G. § 3B1.2;

d) argue that a mandatory minimum sentence violated the due process clause of the Constitution;

e) argue for a lower base offense level because a smaller amount of cocaine was involved in the crime.

## II.  Discussion

When a defendant enters into a plea agreement and allocutes to his agreement not to litigate post-judgment if the sentence of the Court is within or below the Guideline Range stipulated in the Plea Agreement, such waivers are enforceable.  United States v. Fisher, 232 F.3d 301, 303 (2d Cir. 2000); United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000); United States v. Djelevic, 161 F.3d 104, 106-07 (2d Cir. 1998).  See also United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993) (finding that to allow post-judgment relief in the face of a valid waiver would render the plea bargaining process and the resulting agreement meaningless).  Cf. United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001) (ineffective assistance of counsel claim in the face of valid waiver only permits post-judgment review of the constitutionality of the plea bargain process, not the sentence itself); United States v. Cano, 494 F. Supp. 2d 243, 248-49 (SDNY 2007) (same).

Petitioner's motion also fails on the merits.  He first argues that his attorney was ineffective at sentencing due to his failure to argue for relief from the mandatory minimum sentence of 10 years pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. During the plea allocution, however, when the Court started to address this so-called "safety valve" provision, both the Government and defense counsel stated there were circumstances that precluded the application of the safety value.  As stated in the PSR, Petitioner participated in 25 robberies, attempted robberies or burglaries to obtain drugs; violence and threats of violence were used and firearms were possessed in the course of these robberies.  (PSR ¶¶ 14, 22.)  Specifically, on March 17, 2005, Petitioner and others abducted an individual, beat him, and interrogated him to find out the location of narcotics.  (PSR ¶ 18.)  Thus, Petitioner participated in the use of violence and was not eligible for relief from the mandatory minimum sentence.[2]  18 U.S.C. 3553(f)(2).

Second, Petitioner argues that at sentence his attorney should have argued that the firearm enhancement should not have been imposed.  However, in his Plea Agreement, Petitioner had agreed to that enhancement (Plea Agreement at 2), which only requires that guns be present while the crime is being committed.  See U.S.S.G. § 2D1.1 Commentary Note 3.

Third, Petitioner argues that at sentence his counsel should have argued that he receive a downward adjustment for a minor role or minimal role in the offense pursuant to U.S.S.G. § 3B1.2, but the Plea Agreement, which Petitioner and his counsel signed, read as follows:  "The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted.  Accordingly, neither

---

[2]     At sentence, defense counsel, in Petitioner's presence, stated that the PSR had been read to Petitioner in Spanish and that Petitioner and his counsel both had no changes to make on the PSR. (Transcript of June 11, 2008 Sentence Hearing at 3.)

party will seek such a departure or seek any adjustment not set forth herein." (Plea Agreement at 2.) Furthermore, Petitioner participated in about 25 robberies, attempted robberies and burglaries (PSR ¶ 22), which would not qualify for a minor role or minimal role adjustment.

Fourth, Petitioner argues that his counsel was ineffective in not arguing that the mandatory sentence of ten years violated the due process clause of the Constitution, because: (i) the Sentencing Commission has pointed out that mandatory minimum sentences create unwarranted sentencing disparities and undermine truth in sentencing, and (ii) the Federal Judicial Center concluded that such sentences compromise the basic fairness and integrity of the criminal justice system and has called upon Congress to repeal them. (Petition at 12.) Although the Court would agree with the authorities cited by the Petitioner, there is no merit to a claim of ineffective assistance of counsel for failure to make such an argument. In order to prevail on a claim of ineffective assistance of counsel, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness and that Petitioner was prejudiced as a result of the deficient performance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Regardless of whether mandatory minimum sentences have been challenged on policy grounds by numerous commentators, defense counsel's failure to raise a constitutional challenge to mandatory minimum sentences – which are unquestionably binding statutory authority on the Court – cannot be deemed representation that "fell below an objective standard of reasonableness." Id. at 688. Indeed, the argument is irrelevant. The sentence imposed by the Court was not a mandatory minimum sentence but a sentence within the range recommended in the PSR, in accordance with the United States Sentencing

Guidelines, of 135 to168 months of imprisonment.  Accordingly, counsel's failure to argue about the constitutionality of the mandatory minimum would have been irrelevant and could not constitute ineffective assistance of counsel.

Fifth, Petitioner argues that his counsel should have argued that the base level of the offense should be lower because the conspiracy involved a smaller drug quantity. However, during his plea allocution, Petitioner admitted he and his co-conspirators intended to steal 40 to 50 kilograms of cocaine (Plea Tr. at 20), which is within the guideline range set forth in the Plea Agreement of at least 15 but not more than 50 kilograms.

In his reply brief, dated December 2, 2009, Petitioner argues that his counsel was ineffective in negotiating the Plea Agreement and in not making sure Petitioner fully understood the agreement, and suggests that his plea was not knowing and voluntary. The plea agreement was sent to defense counsel by the government on January 29, 2008 and agreed and consented to by Petitioner and his counsel on March 6, 2008 before Petitioner entered his plea of guilty.  (Plea Tr. at 6-7.)  During his plea allocution, Petitioner stated that the information had been read to him in Spanish by his attorney, that he had discussed the charges in the Information fully with his lawyer, that his lawyer had answered all his questions about the Plea Agreement to his satisfaction and that he was satisfied with his lawyer and the representation he had.  (Id. at 8-9.)  Petitioner also stated that he understood that the mandatory minimum was 10 years of imprisonment.  (Id. at 10.)  At his plea allocution, Petitioner was provided with a court-certified interpreter in Spanish whom he acknowledged he understood easily.  (Id. at 2.)  Thereafter, the Petitioner acknowledged that he understood he agreed not to appeal or litigate post

judgment any sentence that was within the Stipulated Guidelines Range of 135 to 168 months of incarceration. (Id. at 13.)

Also in his reply brief, Petitioner reargues his fourth point that counsel was ineffective for failing to argue due process, i.e. that mandatory minimum sentences required by Congress are a violation of the due process provision of the Constitution. For the reasons discussed supra, this argument is without merit.

**III. Conclusion**

For the reasons discussed herein, Mr. Diaz's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is denied. The docketing clerk is respectfully requested to close civil case number 09cv5833 and close the open motion docketed June 25, 2009 on the docket for criminal case number 08cr190.

IT IS SO ORDERED.

Dated:  New York, New York
        March 26, 2010

                                        Robert P. Patterson, Jr.
                                        U.S.D.J.

Copies of this order were sent to:

Jose Diaz, *Pro Se*
Reg. No. 70390-054
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
(by mail)

William Joseph Harrington
Assistant United States Attorney, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Fax: (212)-637-2937
(by fax)